IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**OREGON NATURAL DESERT ASS'N,**

                Plaintiff,

     v.

**BUREAU OF LAND MANAGEMENT,
KENNY McDANIEL,** Burns District
Manager, BLM, **JOAN SUTHER,** Field
Manager, Andrews Resource Area, BLM, and
**INTERIOR BOARD OF LAND
APPEALS,**

              Defendants.

Civil Case No. 3:08-1271-KI

OPINION AND ORDER ON
APPLICATION FOR FEES
PURSUANT TO EAJA

Peter M. Lacy ("Mac")
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205

       Attorney for Plaintiff

Billy Williams
Acting United States Attorney

District of Oregon
Stephen J. Odell
Assistant U.S. Attorney
U.S. Attorney's Office
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

Bradley Grenham
Special Assistant U.S. Attorney
Office of the Regional Solicitor
805 SW Broadway, Suite 600
Portland, OR 97205

      Attorneys for Defendants

KING, Judge:

      Pending before me is an Application for Fees Pursuant to the Equal Access to Justice Act

("EAJA") filed by the Oregon Natural Desert Association ("ONDA") (ECF Nos. 124, 137).

## BACKGROUND

      ONDA sued the Bureau of Land Management ("BLM") challenging its plan to control

juniper expansion on Steens Mountain (the "Juniper Treatment Project"), as set forth in the

BLM's North Steens Ecosystem Restoration Project Environmental Impact Statement and

Record of Decision.  ONDA's lawsuit alleged violations of the National Environmental Policy

Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321-61, the Federal Land Policy and Management Act of

1976 ("FLPMA"), 43 U.S.C. §§ 1701-87, and the Steens Mountain Cooperative Management

and Protection Act of 2000 ("Steens Act"), 16 U.S.C. §§ 460nnn-460nnn-122.  In November

2011, I granted in part and denied in part the parties' cross-motions for summary judgment; I

remanded to the Interior Board of Land Appeals ("IBLA") the limited issue of whether the

Juniper Treatment Project impermissibly allowed off-road motorized use in Wilderness Study

Areas in violation of the Steens Act.  Op. and Order (Nov. 15, 2011) (ECF No. 95).

The parties reached a stipulation on ONDA's initial EAJA request for attorneys' fees and

expenses.  The BLM agreed to pay $45,000 to ONDA, which ONDA agreed to accept in

satisfaction of all costs and fees it incurred before December 15, 2011.

ONDA subsequently pursued the IBLA remand.  After the IBLA issued its decision,

concluding no violation of the Steens Act, ONDA moved to reopen this litigation, filed a Second

Supplemental Complaint, and both parties filed cross-motions for summary judgment.  The only

remaining issue was whether the BLM's Juniper Treatment Project violated the Steens Act by

allowing off-road vehicle use in Wilderness Study Areas.

In an August 2015 decision, I agreed with ONDA that the statute is unambiguous.  *See*

Op. and Order on Renewed Mots. for Summ. J. (Aug. 19, 2015) (ECF No. 120).  I held that the

relevant Steens Act provision begins with the general premise that off-road vehicle use is

prohibited.  It is permitted only if the Secretary determines that such use is "needed for

administrative purposes" or if the Secretary determines such use is "appropriate for . . .

ecological restoration projects."  The latter "ecological restoration" exception contains an

exception of its own:  off-road driving for ecological restoration projects is permitted *except* in

wilderness and Wilderness Study Areas.  The BLM could not rely on the "administrative

purposes" exception in subsection (A) when subsection (B) specifically precludes off-road

motorized vehicles in Wilderness Study Areas for the purpose of implementing an ecological

restoration project.  As a result, driving off-road in Wilderness Study Areas to implement the

Juniper Treatment Project is prohibited by the Steens Act.  Therefore, I concluded, the decision

to allow such use was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the Steens Act. Similarly, the IBLA's decision approving off-road vehicle use in Wilderness Study Areas within the Steens Mountain CMPA was unlawful.

The parties disputed the proper remedy, and I instructed the parties to confer. They submitted a stipulated judgment vacating the part of the IBLA's decision (and corresponding Project Design Element in the Record of Decision) which allowed the off-road use of motorized or mechanized vehicles in the Wilderness Study Areas. I entered a supplemental judgment on September 28, 2015.

ONDA now moves for attorneys' fees in the amount of $70,455 and costs in the amount of $39.92. The BLM does not object to the requested costs, but does dispute whether ONDA is entitled to attorneys' fees in the first place or, alternatively, whether ONDA has properly justified the amount of attorneys' fees it seeks.

**LEGAL STANDARD**

EAJA provides that the court shall award attorney fees and costs to a prevailing party in any civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

**DISCUSSION**

The BLM challenges ONDA's EAJA petition in the following particulars:

I.    Substantial Justification

The BLM contends its interpretation of the Steens Act was substantially justified in that it appropriately reconciled two provisions–the juniper management mandate in Section 113(c) of

Page 4 - OPINION AND ORDER ON APPLICATION FOR FEES PURSUANT TO EAJA

the Steens Act, 16 U.S.C. § 460nnn-23(c), and the prohibition on motorized or mechanized

vehicles in Wilderness Study Areas in Section 112(b) of the Steens Act, 16 U.S.C. § 460nnn-

22(b).  In support of its argument on the ambiguity of the Steens Act provisions, the BLM points

to my November 2011 decision remanding the issue to the IBLA (rather than ruling outright in

ONDA's favor) and the later sympathy I described for the BLM's position.  Finally, BLM

underscores the "first impression" nature of its decision, as well as ONDA's willingness during

the IBLA remand to allow vehicles off-road in Wilderness Study Areas so long as the

organization agreed in writing first.

    The test for determining whether the government was substantially justified is whether its

position had a reasonable basis both in law and fact.  *Pierce v. Underwood*, 487 U.S. 552, 565

(1988); *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995).  The burden is on the government

to prove substantial justification.  *Flores*, 49 F.3d at 569.  In evaluating the government's

position, the court must look at both the underlying government conduct and the positions taken

by the government during the litigation.  *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).  If

the underlying agency action was not substantially justified, the court need not consider whether

the government's litigation position was substantially justified.  *Id.* at 872.

    While the BLM's loss is not alone sufficient to demonstrate it lacked a substantial

justification for its decision, *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988), this is not the

"'decidedly unusual case in which there is substantial justification under the EAJA even though

the agency's decision was reversed as lacking in reasonable, substantial and probative evidence

in the record.'"  *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v.

INS*, 284 F.3d 1080, 1085 (9th Cir. 2002)); *see also Meier*, 727 F.3d at 872 (same); *League of*

Page 5 - OPINION AND ORDER ON APPLICATION FOR FEES PURSUANT TO EAJA

*Wilderness Defenders/Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, 3:10-cv-01397-SI,  2014 WL 3546858, at *4 (D. Or. July 15, 2014) (same).

Indeed, I questioned the interpretation the BLM proffered during the initial stage of litigation–an interpretation which the IBLA failed to articulate in the underlying proceeding despite ONDA's having raised the issue in the administrative proceeding.  I expressed confusion at what appeared to be a strained construction of the relevant provisions, but since the IBLA had not weighed in I felt remand was the most appropriate remedy.  *See, e.g.*, *Sec. and Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 197 (1947) (quoting *United States v. Chicago, M., St. P. & P.R. Co.*, 294 U.S. 499, 511 (1935) ("'We must know what a decision means before the duty becomes ours to say whether it is right or wrong.'")).

My comment in the August 2015 decision that I was "sympathetic" to the BLM was in the context of the agency's concerns about "the difficulty and expense of implementing its statutory mandate on a landscape level without the ability to use mechanized vehicles off-road" not that I was sympathetic to its statutory interpretation.  Op. and Order on Renewed Mots. for Summ. J., at 12.

Further, as ONDA points out, there is no "first impression" free pass in the Ninth Circuit. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261-62 (9th Cir. 2001) ("[t]here is no per se rule that EAJA fees cannot be awarded where the government's litigation position contains an issue of first impression" and that "[w]e have never held that the government is automatically shielded from a fee award because its argument involves any issue on which this court has not ruled.").  I also note ONDA's willingness to agree to limited exceptions during the pendency of the IBLA remand does not suggest its concession to BLM's interpretation.

In the end, after carefully reviewing the IBLA's interpretation and all of the arguments the BLM expressed in support of its interpretation, I conclude the BLM's attempt to reconcile the two provisions was simply not reasonable.  Thus, the BLM's position, both in the underlying remand and in the subsequent litigation, was not substantially justified.

II.    Appropriate Amount of Request

Under EAJA, attorney's fees must be reasonable.  28 U.S.C. § 2412(d)(1)(A).  Looking at the facts of each case, courts start by determining the amount of hours reasonably spent on the case multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 433 (1983).[1]  Courts "should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation omitted).  The court may, however, "impose a small reduction, no greater than 10 percent–a 'haircut'–based on its exercise of discretion and without a more specific explanation.'"  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

A.    Number of Hours

---

[1]Courts may consider eleven factors in departing from the lodestar figure, as set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), but only in "rare and exceptional cases."  *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).  The *Kerr* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.  The fixed or contingent nature of the fee is no longer an appropriate consideration.  *In re Bluetooth Headset Prods. Liab. Litig.*, 54 F.3d 935, 942 n.7 (9th Cir. 2011).

The BLM argues ONDA is not entitled to its fees for litigating the IBLA remand. It is true that generally a prevailing party is not entitled to an award of fees for its work in administrative proceedings. However, under *Western Watersheds Project v. Department of the Interior*, 677 F.3d 922, 926 (9th Cir. 2012), ONDA is entitled to these fees if it can demonstrate that the administrative proceedings are "intimately tied to the resolution of the judicial action," and "necessary to the attainment of the results Congress sought to promote by providing for fees." In other words, "the Court has stated consistently that fees for administrative proceedings can only be awarded under [EAJA] if the district court ordered the further proceedings, and the district court action remained pending until the conclusion of the administrative proceedings." *Id.* at 927. ONDA satisfies these criteria. I ordered the remand to the IBLA and retained jurisdiction to allow ONDA to reopen the case following the IBLA's decision. ONDA is entitled to these fees.

The BLM complains that, if ONDA is entitled to fees for its work during the IBLA remand, it should not get to double dip and collect fees for its summary judgment briefing following remand. Additionally, it complains about excessive staffing, and criticizes a handful of entries–some of which ONDA already conceded and some of which it conceded in its reply.[2]

Frankly, ONDA's attorneys worked on the IBLA remand briefing in a restrained fashion–I calculate approximately 17 hours between the two senior attorneys–and, as ONDA points out, its attorneys needed to update their research when pursuing summary judgment two years later. *See Moreno*, 534 F.3d at 1112 ("When a case goes on for many years, a lot of legal

---

[2] The BLM also makes an argument about fees for clerical work. It contends ONDA seeks $120 an hour for clerical tasks, but I see no examples of such billing entries (and BLM does not specify any). I do not address this argument.

work product will grow stale; a competent lawyer won't rely entirely on last year's, or even last

month's research[.]"); Fourth Lacy Decl. Ex. A (entries from May 1-4, 2012 adding up to 9.7

hours on IBLA remand); Fourth Becker Decl. Ex. A (entries from Apr. 23-May 4, 2012 on IBLA

remand adding up to 6.9 hours).  In any event, ONDA's attorneys spent fewer than 30 hours on

the subsequent summary judgment briefing, which I consider eminently reasonable.  ONDA's

Reply 8.  The BLM's attorneys offer no evidence as to the time they spent on their briefing.

  I am not concerned about any "excessive staffing."  ONDA's attorneys were judicious in

the tasks on which they collaborated and efficiently used each other in strategic discussions and

on  editing submissions; I note, for example, that only one attorney and one legal fellow worked

on the summary judgment briefing.  Further, the BLM complains about ONDA's billing for

internal communications, but the issue at hand involved delicate policy questions, as well as a

legal interpretation, which required conferral with the organization leaders.  Furthermore,

"lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of

inflating their fees because the payoff is too uncertain."  *Costa*, 690 F.3d at 1136 (internal

quotation and alteration omitted).

    B.  <u>Hourly Rate</u>

  ONDA seeks enhanced billing rates for its attorneys.  Mr. Lacy seeks rates ranging from

$335 to $400 an hour and Mr. Becker seeks rates ranging from $350 to $420 an hour, for the

years 2012-2016.  Ms. Feenstra seeks a rate of $195 an hour for 2014 and 2015.  The BLM

objects to these enhanced rates.

  The following three-part test is used to evaluate whether an enhanced hourly rate under

EAJA is appropriate:  (1) "'the attorney must possess distinctive knowledge and skills developed

through a practice specialty;'" (2) "'those distinctive skills must be needed in the litigation;'" and (3) "'those skills must not be available elsewhere at the statutory rate.'" *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008) (quoting *Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991)).  The BLM questions only the second factor.

The skills demonstrated by ONDA's attorneys were required in this litigation.  The second phase of the case required knowledge of the Steens Act and the BLM's history in implementing the exceptions to the Steens Act's prohibitions on off-road motorized or mechanized vehicle use.  ONDA's attorneys also needed to demonstrate mastery of the administrative record and a high comfort level with how the Steens Act intersected with the Federal Land Policy and Management Act.  ONDA's attorneys used their knowledge to bring clarity and persuasiveness to their briefing.

The BLM disputes–without any evidence or law–that ONDA's attorneys may increase their rates on an annual basis in a way not tied to inflation.  ONDA's attorneys have presented persuasive evidence that the enhanced hourly rates they request fall within the prevailing market rate, considering their experience, skill, and reputation.  *Gonzalez*, 729 F.3d at 1205; *see* Parent Decl. ¶¶ 8-9; Buchele Decl. ¶¶ 9-13 (citing to the National Law Journal's 2014 Survey, the Oregon State Bar's 2012 Economic Survey, and the Morones Survey).  I find the requested hourly rates reasonable.

C.    A "Hair Cut"

A review of the submissions for the fee litigation gives me pause.  Specifically, I calculate almost $36,000 in attorneys' time on the merits of the case, whereas I calculate *nearly the same amount* for ONDA to pursue its request for attorneys' fees.  Fourth Lacy Decl. Ex. A

Page 10 - OPINION AND ORDER ON APPLICATION FOR FEES PURSUANT TO EAJA

(various time entries from March 14-Oct. 18, 2016 adding up to $22,760, and fees for Parent and Buchele declarations adding up to $3,801.50); Fourth Becker Decl. Ex. A (various time entries all in 2016 adding up to $7,938).  Given the experience of ONDA's attorneys and the routine nature of the fee request, I conclude not all of this time was reasonably expended.  As a result, I exercise my discretion and impose a ten percent reduction on fees.  *See Moreno*, 534 F.3d at 1112.  Accordingly, ONDA is entitled to $63,409.50 ($70,455 - $7,045.50) in attorneys' fees.[3]

III.    Settlement Offer

The BLM asks me to consider its offer to settle ONDA's fee petition, and asks that I not award any fees beyond the date of the offer.  The cases it cites stand for the proposition that a settlement offer on the merits may be relevant in assessing the prevailing party's level of success.  *See* Defs.' Resp. 17-18 (citing *Miranda-Olivares v. Clackamas Cty.*, No. 3:12-cv-02317-ST, 2015 WL 5093752 (D. Or. Aug. 28, 2015) and *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011)).  These cases are not applicable.  I decline to consider the parties' settlement negotiations.

**CONCLUSION**

For the foregoing reasons, I grant ONDA's Application for Fees Pursuant to EAJA (124, 137) in the reduced sum of $63,449.42.

IT IS SO ORDERED.

DATED this ____21st____ day of December, 2016.


____/s/ Garr M. King_____
Garr M. King
United States District Judge

_____

[3] Additionally, ONDA is entitled to $39.92 in costs, which the BLM does not dispute.

Page 11 - OPINION AND ORDER ON APPLICATION FOR FEES PURSUANT TO EAJA